# IN IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Monique Barnes, power of attorney over Bobby Robbins, | C/A No.: 3:18-1567-CMC-SVH |
| Plaintiff, | |
| vs. | |
| D.S.S.; Tina Kirfler; Mental Health; Pine Grove Elementary; Jhante Robbins; Richland Police Department; Ms. Dinky; Mr. Williams; Ms. Bradham; Ms. Walters; Aubrey Raymond, R.C.S.D.; School Officer Hills; Palmetto Richland Hospital; Lexington Medical Center; Richland 1 School Board; Forest Heights Elementary; Main Street 1701; LaDawn; Ms. Foster; Ms. Jennifer Jeter; Sony Good; E.E. Taylor Elementary; Fake Attorney Watson; Mental Health Dr. Peters; Counselor Akilah; Latonys Jackson; Nicole Williams; D.S.S. Terri Thompson; D.S.S. Supervisor Kimberly Garvin; and Crystal Heyward, R.C.D.S.S., | ORDER AND NOTICE |
| Defendants. | |

Monique Barnes ("Plaintiff"), proceeding pro se and in forma pauperis, purports to be proceeding on her own behalf and on behalf of Bobby Robbins,

for whom she claims to have a power of attorney. She filed this complaint against a number of South Carolina state agencies and employees, local area hospitals, schools, and school districts concerning the custody of Barnes' children and Robbins' child support obligations. [ECF No. 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

## Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se

litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Factual and Procedural Background

Plaintiff filed this complaint alleging the South Carolina Department of Social Service ("DSS") kidnapped her two children on May 9, 2018, while she was in Florida, because her son's teacher was abusing him. [ECF No. 1 at 7]. Plaintiff also states Robbins was ordered to pay child support on March 6, 2008, but recently learned he was not the biological father of her oldest son. *Id.* Plaintiff claims DSS is aware Robbins is not the father, but has still sued Robbins for failure to pay child support. *Id.* Plaintiff seeks monetary damages and injunctive relief for herself and Robbins. *Id.* at 7, 9.

3

Discussion

Plaintiff in this action is styled "Monique Barnes, power of attorney over Bobby Robbins," and based on the allegations in the complaint, it appears Plaintiff is attempting to pursue her own claims and claims on behalf of Robbins. Plaintiff, however, does not allege she is an attorney licensed to practice in South Carolina. While Plaintiff has the authority to litigate her own claims pro se, *see* 28 U.S.C. § 1654, she does not have the authority to litigate on another's behalf. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."); *Estate of Kerner v. United States*, 895 F.2d 1159, 1162 & n.3 (7th Cir. 1990) ("'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties.'" (emphasis added)).

Even if the court assumes Plaintiff has a full and complete power of attorney effective under South Carolina, because Plaintiff is not an attorney, she may not litigate pro se the rights of Robbins. *See Myers v. Loudoun Co. Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005); *Leyfert v. Commonwealth of Pa. House of Representatives*, No. Civ. A. 05-4700, 2005 WL 3433995 at *3 (E.D. Pa. 2005) (finding that a non-attorney, who held a power of attorney for her parents, lacked standing to file an action on behalf of her parents and

4

therefore the court lacked jurisdiction over the case); *Umstead v. Chase Manhattan Mortgage Corp.*, No. Civ.A. 7:04CV00747, 2005 WL 2233554 at *2 (W.D. Va. 2005) (finding that pleadings filed through lay representation on behalf of another using a power of attorney must be disregarded as a nullity and those claims were "void ab initio" ). Plaintiff lacks standing to pursue claims on Robbins' behalf. Accordingly, this court does not have subject matter jurisdiction over those claims.

The court also does not have subject matter jurisdiction over Plaintiff's claims. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and

5

a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis, a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.; see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (holding that when the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist) (citation omitted).

Plaintiff indicates the court has jurisdiction over her claims pursuant to the diversity statute, 28 U.S.C. § 1332. [ECF No. 1 at 3–6]. 28 U.S.C. § 1332(a) requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no

6

party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff's complaint fails to demonstrate complete diversity of parties, as Plaintiff alleges that she and at least one of the named defendants are citizens of South Carolina. Because Plaintiff has not shown that the court has diversity jurisdiction over her claim, and she has not alleged a claim arising under the Constitution or federal statutes, her complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint within 14 days of this order, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the court will recommend to the district court that the claims be dismissed.

Plaintiff has filed a motion to be moved into protective custody [ECF No. 7] and a motion for hearing [ECF Mo. 8]. Plaintiff's motions, however, are premature as her complaint is not in proper form to be served at this time. Accordingly, Plaintiff's motion to be moved into protective custody [ECF No. 7] and motion for hearing [ECF Mo. 8] are denied.

    IT IS SO ORDERED.

June 29, 2018  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge