IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Monique Barnes,<br><br>     Plaintiff,<br><br>vs.<br><br>Tina Kinsler, Jhante Robbins, Aaliyah Singleton, DSS, Pine Grove Elementary School Board, Richland County Police Department, Mental Health, Palmetto Richland, Lexington Medical Center, Metropolitan Children's Advocacy Main Street, LaDawn, Sonya Good, Ms. Foster, Ms. Jeter, Judge Jones, Alivin Watson, Supervisor Kim Garvin, and Crystal Heyward, RCDSS,<br><br>     Defendants. | Civil Action No. 3:18-cv-1567-CMC<br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff's Amended Complaint alleging Defendants removed her children from her home without due process, among other allegations.[1] ECF No. 22. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On July 24, 2018, the Magistrate Judge issued a Report recommending that this matter be summarily dismissed without prejudice and all pending motions be terminated as moot. ECF No. 31. The Magistrate Judge advised Plaintiff of the procedures and

---

[1] The court notes Plaintiff was previously notified her initial Complaint was subject to summary dismissal and was given the opportunity to correct the deficiencies. *See* ECF No. 13. In response, Plaintiff filed her Amended Complaint. ECF No. 22.

requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff filed objections on August 6, 2018, and has also filed three letters to the court, on August 6, August 8, and August 13. ECF Nos. 34, 35, 36, 37.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Report recommends Plaintiff's federal claims be dismissed due to *Younger v. Harris*, 401 U.S. 37 (1971), in which the Supreme Court held a federal court should not interfere with state judicial proceedings except in very narrow and extraordinary circumstances. ECF No. 31. It also recommends the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and notes diversity jurisdiction is not present. *Id.* at 6.

Plaintiff's objections argue she was denied due process of law as "they are currently keeping me away from the hearings on purpose" and that she has "the right to live in peace." ECF No. 34. She argues written libel exists in the state files because she does not suffer from bipolar disorder or schizophrenia, yet the files continue to note these diagnoses. She requests the court "explain in more detail" what needs to be fixed in her Amended Complaint. ECF Nos. 34-1 at 1; 35. Finally, Plaintiff submits documentation she states is "evidence that I was denied due process

2

as a result I was declared unfit," along with evidence showing harassment by Defendant Kinsler; proof of "Mother harassing me because she works for DSS"; "proof I have power of attorney to a very close friend before first kids [were] removed"; and "evidence of proof I never wanted grandma or aunt to have kids." ECF Nos. 36; 36-1.

The crux of Plaintiff's due process claim seems to be that DSS has 72 hours from the time the children are removed from the home to "prove their case" against her, which she alleges it has failed to do. *Id.* She also requests the DSS case be dismissed. The court agrees with the Magistrate Judge that Plaintiff's claims should be dismissed. Plaintiff has ongoing state proceedings regarding child custody in state family court, and may pursue her claims in that forum. Therefore, the *Younger* doctrine does not permit this court to interfere with the proceedings in state family court. Although Plaintiff asks this court what she can do to make corrections so her claims will be viable in this court, there is simply no indication Plaintiff can submit any allegations that would allow this court to proceed with her due process claim against DSS while the case is still pending in family court. Because the federal claim cannot proceed, the court declines to exercise supplemental jurisdiction over the state law claims against the individual defendants. Plaintiff cannot proceed via diversity jurisdiction as at least one of the Defendants is a citizen of South Carolina, but may be able to bring these claims in state court.

After *de novo* review of the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's Amended

Complaint is dismissed without prejudice to her right to bring these claims in a proper forum.

Plaintiff's pending motions (ECF Nos. 15, 16, 17, 18, 19, and 20) are dismissed as moot.

**IT IS SO ORDERED.**

<u>s/Cameron McGowan Currie</u>
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 14, 2018